**Bertha F. YELDELL, Petitioner,**

v.

**HOLIDAY HILLS RETIREMENT AND NURSING CENTER, INC.,
Respondents.**

**No. C–4177.**

Supreme Court of Texas.

Dec. 11, 1985.

Eakins, Kraft & Johnson, George C. Johnson, Kenneth C. Raney, Jr., Dallas, for petitioner.

Chappell & Handy, P.C., Mr. Michael Handy, Ft. Worth, for respondents.

WALLACE, Justice.

This is an appeal from a damage award against a non-subscriber employer. The court of appeals reversed the trial court judgment in favor of Yeldell and remanded the cause for a new trial. 686 S.W.2d 770. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Bertha Yeldell, a licensed vocational nurse, was working as a charge nurse for Holiday Hills Retirement and Nursing Center, Inc., a non-subscriber under the workers' compensation statute, TEX.REV.CIV.

STAT.ANN. art. 8306, sec. 1, subsections 1–4 (Vernon 1967). During Yeldell's regular shift and while at her duty station, she called her daughter. As she hung up the telephone, the cord became entangled with a 50-cup coffee urn that overturned, spilling hot coffee on her. She suffered second and third degree burns to her abdomen and thighs.

At trial, Holiday Hills offered Shirley Scroggins, a dietary aide at Holiday Hills, as a fact witness. Upon Yeldell's objection, the trial court refused to permit Scroggins to testify, because her name was not listed by Holiday Hills in response to interrogatories as a person with knowledge of facts and circumstances made the basis of the lawsuit. The jury returned a verdict for Yeldell and the trial court rendered judgment based on that verdict.

The issues before us are: (1) whether Yeldell was in the course and scope of employment as a matter of law, and (2) whether the trial court erred in refusing to permit Shirley Scroggins to testify.

### COURSE AND SCOPE OF EMPLOYMENT

The Texas Workers' Compensation Act provides in pertinent part:

> The term "injury sustained in the course of employment" as used in the Act, . . .
>
> (4) . . . shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere.

TEX.REV.CIV.STAT.ANN. art. 8309, § 1 (Vernon 1967).

■ The Workers' Compensation Act should be liberally construed in favor of the employee, *Hargrove v. Trinity Universal Ins. Co.*, 152 Tex. 243, 256 S.W.2d 73, 75 (1953); it should not be hedged about with strict construction, but should be given a liberal construction to carry out its evident purpose. *Southern Surety Co. v. Shook*, 44 S.W.2d 425, 427 (Tex.Civ.App.—Eastland 1931, writ ref'd). An employee need not have been engaged in the discharge of any specific duty incident to his employment; rather an employee in the course of his employment may perform acts of a personal nature that a person might reasonably do for his health and comfort, such as quenching thirst or relieving hunger; such acts are considered incidental to the employee's service and the injuries sustained while doing so arise in the course and scope of his employment and are thus compensable. *Texas Employers' Insurance Association v. Prasek*, 569 S.W.2d 545, 548 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

■ As charge nurse, Yeldell was over all the patients and nurses' aides in her wing of the nursing home. Her duties included giving medications to patients, charting patient care, supervising the nurses' aides, and being available to handle any special need which might arise. Holiday Hills contends that the personal telephone call was a deviation which took Yeldell out of the course and scope of her employment. The call was made from her desk at her regular duty station. There is nothing in the record to indicate that by picking up the telephone and talking to her daughter she was not available to supervise the nurses' aides or attend to the needs of the patients.

By refusing the writ of error in *Shook, supra*, we adopted the holding that Shook had not deviated from the course and scope of employment by going a half a mile from his employment to hunt wolves. We found no error in the court of civil appeals' holding in *Prasek, supra*, which held that the employee had not deviated from the course and scope of employment by leaving the drilling rig to which he was assigned, going to a trailer house nearby and eating dinner. He choked on the food during the meal and died.

In this electronic age, telephonic communication is a necessity. Under appropriate

circumstances, making a personal telephone call during working hours may be as essential as a rest period or a refreshment break. In particular, a parent's telephone call to a minor child at bedtime is as reasonably necessary to a workers' well-being as quenching one's thirst or relieving hunger. It is more common than exercise or recreation as was approved in *Shook*. The trial court did not err in holding that as a matter of law Yeldell was within the course and scope of her employment.

### ABUSE OF DISCRETION

On May 25, 1982, Yeldell served Holiday Hills with written interrogatories. Interrogatory No. 1 requested the names, addresses, telephone numbers, and current employment situations of all persons who had knowledge of facts and circumstances which were the basis of the lawsuit. On July 21, Holiday Hills responded to Yeldell's Interrogatory No. 1, by listing the names, addresses, and telephone numbers of five individuals. Shirley Scroggins was not one of those named. Plaintiff subsequently learned that Shirley Scroggins was employed by Holiday Hills as a dietary aide on the date of the injury and asked for her deposition. Holiday Hills advised Yeldell that Shirley Scroggins' whereabouts was unknown but if Holiday Hills located her, she would be made available for deposition. On January 16, 1984, approximately two months prior to trial, Holiday Hills located Scroggins and learned that she had knowledge of pertinent facts; however, it did not advise Yeldell. Holiday Hills' attorney testified that he chose not to inform Yeldell's attorney of Shirley Scroggin's whereabouts because he felt he had no obligation to supplement his answers to Interrogatory No. 1. He did, however, amend his answer to include the name of another dietary aide, Evonne Skipper, as a person having knowledge of facts or circumstances made the basis of the suit.

■ As its last witness at trial, Holiday Hills proffered Shirley Scroggins as a witness. The trial court refused to permit her to testify because Holiday Hills had not supplemented its answers to Yeldell's Interrogatory No. 1. The record shows that Yeldell knew Shirley Scroggins was a dietary aide employed by Holiday Hills at the time of the injury, but did not know that she had knowledge of facts made the basis of the suit until she was proffered as a witness.

Rule 168(7) of the Texas Rules of Civil Procedure, as it existed at time of trial, stated in pertinent part:

7. DUTY TO SUPPLEMENT: A party whose answers to interrogatories *were complete when made* is under no duty to supplement his answers to include information thereafter acquired, except the following shall be supplemented not less than fourteen days prior to the beginning of trial unless the court finds that good cause exists for permitting or requiring later supplementation.

a) A party is under a duty seasonably to amend his answer if he obtains information upon the basis of which:

(1) he knows that the answer was incorrect when made;

(2) he knows that the answer though correct when made is no longer true and the circumstances are such that a failure to amend the answer is in substance a knowing concealment or misrepresentation; or . . . . (emphasis added).

Yeldell's Interrogatory No. 1 asked for the names of all witnesses who had knowledge of the facts and circumstances made the basis of the lawsuit, not just those who were known to Holiday Hills. The answer was thus incomplete inasmuch as it did not include Shirley Scroggin's name. When Holiday Hills' attorney located Shirley Scroggins and learned that she had knowledge of pertinent facts, he then knew that his initial answer was incomplete when made or no longer true. Rule 168(7) required that he supplement his answer. Therefore, a showing by Holiday Hills and a finding by the trial court that good cause existed for allowing Shirley Scroggins to testify became the only basis for permitting her testimony. Holiday Hills made no

showing of good cause. The trial court properly exercised its discretion in not permitting Shirley Scroggins to testify. TEX. R.CIV.P. 170 (Vernon 1976).

The court of appeals erred in stating that it was incumbent on Yeldell to plead surprise and ask for a continuance in order not to waive objection to Shirley Scroggin's testimony. When the trial court sustained Yeldell's objection to the witness, she had the relief requested. It would have been contradictory to her position to have asked for a continuance so as to depose Scroggins. She was under no duty to aid Holiday Hills in presenting evidence adverse to her case.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.