In The



Court of Appeals



Ninth District of Texas at Beaumont



________________



NO. 09-08-00322-CV


 _____________________



GRAY INSURANCE COMPANY, Appellant



V.



CODY JONES, Appellee







On Appeal from the 1st District Court


Newton County, Texas


Trial Cause No. 12354






MEMORANDUM OPINION


 This is a workers' compensation case. The appeals panel of the division of workers'
compensation of the Texas Department of Insurance concluded that Cody Jones did not
sustain a compensable injury. Challenging the panel's decision, Jones filed an original
petition in the district court of Newton County. A jury found in Jones's favor. The trial
court's judgment states Jones sustained an injury in the course of his employment and orders
Gray Insurance Company, the workers' compensation insurance carrier, to pay all benefits
related to the injury. Gray Insurance appeals the judgment. Appellant argues the injury did
not occur in the course of the employment. Because the evidence is legally insufficient to
support the jury's finding, we reverse the judgment. 

Background


 Cody Jones worked for Nicklos Drilling as a roughneck on a drilling rig. He worked
a seven-day period on the job; then he was off seven days. During his seven days on the job,
he worked a twelve-hour shift each day. When he was working, Jones had the option of
commuting to work each day from his home or staying at the rig, but the drive from his house
to work was approximately two-and-one-half to three hours. Usually, Jones stayed at the
quarters at the drill site rather than commuting home. 

 The company provided the crew house, located thirty to fifty yards from the rig site,
and did not charge for the workers to stay there. Jones was not required to stay at the crew
house but could if he chose. He had to supply his own pillow, sheets, towels, and food. 
Nicklos Drilling did not provide any cooks, maids, or anything else to take care of the
workers while they were at the house. Jones testified rules were posted on the wall to keep
the house clean. The tool pusher on the rig testified he was not aware of any signs posted by
Nicklos Drilling in the crew house. Jones indicated that he would pick up after himself
regardless of any rules. Whether he stayed at the crew house or went home, Jones received
a "per diem" payment every day he was on the seven-day-work period. He testified Nicklos
Drilling might ask someone to work into the next twelve-hour shift, but the company did not
make anyone work overtime. Sometimes Jones worked the overtime; sometimes he did not. 
The tool pusher was the only person required to be on twenty-four hour call. Jones was not. 
Nicklos Drilling did not give him a pager or cell phone to carry around with him. No
telephone was in the crew house. Jones was not required to be on the rig when he was not
on his twelve-hour shift. During that time he could come and go as he pleased. 

 On December 7, 2005, Jones had worked the night shift (5:30 or 6:00 in the evening 
until 5:30 or 6:00 the next morning). When the injury occurred on December 8, he was in
the crew house and had been off work approximately ten hours. Jones testified he went into
the kitchen and fixed himself something to eat. After finishing his meal, he got up to throw
away his garbage. He dropped a food packet on the floor, bent over, and picked it up. At
that point, he "felt the pop" in his back. He "went and laid back in the bed trying to get some
relief" from the "back pain from the pop." Jones acknowledged that when his back went out,
he was taking care of his personal business and was not taking care of Nicklos Drilling's
business.

The Workers' Compensation Act
 


 The purpose of the Workers' Compensation Act is to provide prompt and certain
remuneration to injured employees and to relieve them from the burden of proving employer
negligence. Payne v. Galen Hosp. Corp., 28 S.W.3d 15, 17 (Tex. 2000) (citing Paradissis
v. Royal Indem. Co., 507 S.W.2d 526, 529 (Tex. 1974)). The Texas Supreme Court has
liberally construed the Act in the employee's favor. Id. (citing Albertson's Inc. v. Sinclair,
984 S.W.2d 958, 961 (Tex. 1999)); Lujan v. Houston Gen. Ins. Co., 756 S.W.2d 295, 297
(Tex. 1988). However, Texas courts have "recognized that the Workers' Compensation Act
was not intended to provide health insurance, but was designed to provide compensation for
incapacity flowing from an accidental personal injury." Employers' Cas. Co. v. Bratcher,
823 S.W.2d 719, 720-21 (Tex. App.--El Paso 1992, writ denied) (citing Olson v. Hartford
Accident and Indem. Co., 477 S.W.2d 859 (Tex. 1972)). 

 The Labor Code provides that an insurance carrier is liable for compensation for an
employee's injury without regard to fault or negligence if the injury arises out of and in the
course and scope of employment. Tex. Lab. Code Ann. § 406.031(a)(2) (Vernon 2006); see
also Tex. Lab. Code Ann. § 401.011(10) (Vernon Supp. 2008) ("'Compensable injury'
means an injury that arises out of and in the course and scope of employment. . . ."); Payne,
28 S.W.3d at 17. The Act defines "[c]ourse and scope of employment" as "an activity of any
kind or character that has to do with and originates in the work, business, trade, or profession
of the employer and that is performed by an employee while engaged in or about the
furtherance of the affairs or business of the employer. The term includes an activity
conducted on the premises of the employer or at other locations." (1) Tex. Lab. Code Ann. §
401.011(12) (Vernon Supp. 2008). 

Course and Scope of Employment


 In the trial court, Jones had the burden of proof, by a preponderance of the evidence,
to establish that his injury occurred in the course and scope of his employment. See Tex.
Workers' Comp. Ins. Fund v. Martinez, 30 S.W.3d 490, 493 (Tex. App.--Texarkana 2000,
pet. denied). When, as here, the party without the burden of proof suffers an unfavorable
finding in the trial court, a legal sufficiency challenge on appeal is one of "'no evidence to
support the finding.'" Fireman's Fund Ins. Co. v. Weeks, 259 S.W.3d 335, 339 (Tex. App.--
El Paso 2008, pet. denied) (quoting Serrano v. Union Planters Bank, N.A., 162 S.W.3d 576,
579 (Tex. App.--El Paso 2004, pet. denied)). A no evidence challenge will be sustained
when (1) the record discloses a complete absence of a vital fact; (2) the court is barred by
rules of law or of evidence from giving weight to the only evidence offered to prove a vital
fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the
evidence establishes conclusively the opposite of the vital fact. Uniroyal Goodrich Tire Co.
v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998). The evidence is legally sufficient if it enables
fair-minded and reasonable people to reach the verdict under review. City of Keller v.
Wilson, 168 S.W.3d 802, 827 (Tex. 2005). In a legal sufficiency challenge, a court views the
evidence in the light most favorable to the verdict and credits favorable evidence if
reasonable jurors could do so, and disregards contrary evidence unless reasonable jurors
could not. City of Keller, 168 S.W.3d at 807. If the evidence allows only one inference, the
trier of fact may not disregard it. Id. at 822. 

 Jones relies on what has been called the "personal comfort doctrine" in asserting that
his injury arose out of his employment. See Bratcher, 823 S.W.2d at 721. He also argues
that the employee does not have to be engaged in his work at the time of the injury; he argues
it is enough if he is on the premises for the purpose of commencing his work. 

 In Yeldell, the Texas Supreme Court considered the personal comfort doctrine. See
Yeldell v. Holiday Hills Ret. and Nursing Ctr., Inc., 701 S.W.2d at 243, 244-45 (Tex. 1985). 
A nurse on her regular shift made a personal phone call. Id. at 244. As she was hanging up
the phone, "the cord became entangled with a 50-cup coffee urn that overturned, spilling hot
coffee on her." Id. The nurse suffered second and third degree burns. Id. Applying the
doctrine, the Supreme Court found she was in the course and scope of her employment. 

 An employee need not have been engaged in the discharge of any specific duty
incident to his employment; rather an employee in the course of his
employment may perform acts of a personal nature that a person might
reasonably do for his health and comfort, such as quenching thirst or relieving
hunger; such acts are considered incidental to the employee's service and the
injuries sustained while doing so arise in the course and scope of his
employment and are thus compensable.


Id. at 245 (citing Tex. Employers' Ins. Assoc. v. Prasek, 569 S.W.2d 545, 548 (Tex. Civ.
App.--Corpus Christi, 1978 writ ref'd n.r.e.)). Here, however, Jones was not on the job at
the time of his injury. He had completed his shift some ten hours earlier. 

 Citing Texas Employers' Insurance Association v. Davidson, 295 S.W.2d 482, 483
(Tex. Civ. App.--Fort Worth 1956, writ ref'd n.r.e.), Jones argues that the fact that an
employee is not on the time clock at the time of injury does not preclude compensability. See
also Tex. Workers' Comp. Ins. Fund v. Rodriguez, 953 S.W.2d 765, 768 (Tex. App.--Corpus
Christi 1997, writ denied) (Employee who, during his work day, tossed a football with other
employees during employer's scheduled ten-minute employee break, was in the course and
scope of employment.). (2) In Davidson, the employee was at work on her lunch hour. 
Davidson, 295 S.W.2d at 483. The hourly employee was a sewing machine operator and not
paid for her lunch hour. Id. The employer permitted employees to eat lunch at their
machines and directed where they were to put their garbage. Id. During her lunch hour,
Davidson fell as she deposited her garbage in the designated barrel. Id. The court found she
was in the course of her employment. Id. at 486. 

 Jones also relies on Texas Employers' Insurance Association v. Anderson, 125 S.W.2d
674, 675-76 (Tex. App.--Dallas 1939, writ ref'd), a case involving an employee who was
injured after he finished his work day. The court concluded that the employee "was injured
at a place intended for use as a means of ingress and egress to and from his place of work,
and that his departure was so recent and closely connected with the employment as to render
it an incident thereto." 

 We need not decide whether Davidson and Anderson state the law correctly; the facts
in those cases are distinguishable from those here. Unlike Davidson, Jones was not at work
during a lunch hour. He had completed his shift for the day and was on his own time -- free
to do as he wished and to go where he wanted. Unlike Anderson, Jones had been off his shift
approximately 10 hours. He had slept, awakened, and prepared and eaten his meal. His
injury did not occur shortly after leaving the rig such that the injury was so closely connected
with his employment as to be "incident thereto." Neither was Jones on a trip to buy supplies
for his employer or perform some other duty associated with his employment. See Liberty
Mut. Ins. Co. v. Nelson, 142 Tex. 370, 178 S.W.2d 514, 515-17 (Tex. 1944). 

 Jones also relies on Texas Employers' Insurance Association v. Prasek, 569 S.W.2d
545 (Tex. Civ. App.--Corpus Christi 1978, writ ref'd n.r.e.). While eating at the company
trailer house, Prasek choked to death on a piece of steak. Id. at 546. The company provided
a trailer that the employees could use for eating and sleeping while on duty "if the occasion
demanded that the employee be physically present at the drill site during his usual hours for
eating and sleeping." Id. Prasek was "on call," and the court stated that the fact that Mr.
Prasek was at the drill site at midnight supports an inference that the drilling had reached a
very critical stage and that his presence was required. Id. at 546, 548. Relying on the
personal comfort doctrine, the court held that an employee in the course of his employment
may perform acts of a personal nature that a person might reasonably do for his health and
comfort, including quenching thirst or relieving hunger. Id. at 548. 

 Unlike Prasek, there is no evidence in the present case that the drilling was at a
critical stage and Jones was needed on the site. To the contrary, the record establishes Jones
was on his own personal time, free to leave; he was not on duty, not on twenty-four call, and
not performing any activity incident to or connected with his employment. See Tex.
Employers Ins. Ass'n v. Sparrow, 134 Tex. 352, 133 S.W.2d 126 (1939); Wallace v. Tex.
Indem. Ins. Co., 94 S.W.2d 1201, 1201-02 (Tex. Civ. App.--El Paso 1936, writ ref'd)
(Employee had specified hours to work, was not on call at other times, and by choice stayed
in the bunkhouse furnished free of charge by employer; employee was not in the course of
employment when bunkhouse caught fire and injured the employee when he was not at
work.) 

Conclusion


 There is no evidence that Jones was engaged in furthering Nicklos Drilling's business
at the time of his injury. There is no evidence that the act resulting in his injury was an act
that had to do with and originated in the work, business, trade, or profession of Nicklos
Drilling. To the contrary, the evidence conclusively establishes Jones was not in the course
and scope of his employment when he sustained the injury on December 8, 2005. We sustain
Gray Insurance's issue two on the legal insufficiency of the evidence. Having found the
evidence legally insufficient to support the jury verdict, we reverse the judgment, and render
a take-nothing judgment in favor of Gray Insurance Company.


 REVERSED AND RENDERED.


 _________________________________

 DAVID GAULTNEY

 Justice 

 

Submitted on December 30, 2008

Opinion Delivered March 5, 2009

 

Before Gaultney, Kreger, and Horton, JJ. 
1. The definition also sets out certain "transportation to and from" exclusions. See Tex.
Lab. Code Ann. § 401.011(12)(A)(B) (Vernon Supp. 2008).
2. In the federal cases cited by Jones, the employee was also injured during his work
day. See Nat'l Surety Corp. v. Bellah, 245 F.2d 936, 938 (5th Cir. 1957) (Employee who was
on his lunch break and was injured at employer's restaurant on employer's premises was in
course of employment); Cas. Reciprocal Exch. v. Johnson, 148 F.2d 228, 228-29 (5th Cir.
1945) (Employee, who was on duty, went to get drink of water or give orders to his helper,
and was shot by unknown assailant, was in course of employment.); Security Mut. Cas. Co.
v. Wakefield, 108 F.2d 273, 274 (5th Cir. 1939) (Employee, who was on job and suffered
heartburn or indigestion attack, mistakenly drank a dangerous chemical that he thought was
water and baking soda; court relied on personal comfort doctrine in holding that employee
was in course of employment.).