COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| FORT WORTH INDEPENDENT | | No. 08-07-00201-CV |
| SCHOOL DISTRICT, SELF-INSURED, | § | |
| | | Appeal from |
| Appellant, | § | |
| | | 342nd District Court |
| v. | § | |
| | | of Tarrant County, Texas |
| MARY E. RICKS, | § | |
| | | (TC # 342-217287-06) |
| Appellee. | § | |

## O P I N I O N

The Fort Worth Independent School District appeals a summary judgment in favor of Mary Ricks, a school teacher. In a single issue for review, the District complains that Ricks did not sustain a compensable injury as required by the Texas Worker's Compensation Act. For the reasons that follow, we affirm.

### FACTUAL SUMMARY

On November 23, 2004, Ricks was preparing for class when her right knee buckled and she collapsed to the floor. The next month she was diagnosed with an acutely torn anterior cruciate ligament, medial meniscus, and lateral meniscus in her right knee. She underwent three surgeries to repair the damage.

The case was heard in the Texas Department of Insurance Division of Workers' Compensation on November 28, 2005. The hearing officer determined that Ricks had suffered a compensable injury to her knee, and that she was subsequently disabled from January 4, 2005 to January 16, 2005, and from May 31, 2005 to June 9, 2005. The Division Appeals Panel affirmed

the hearing officer's decision.

The District appealed the administrative decision to the district court. Ricks filed a hybrid motion for summary judgment arguing (1) there was no genuine issue of material fact regarding the compensability of her injury, and in the alternative, (2) that there was no evidence to support the District's claim that she did not sustain a compensable injury. In its summary judgment response, the District argued the injury was not compensable because there was no connection between the knee injury and Ricks' employment. In short, Ricks would have "confronted the risks of merely walking irrespective of her employment." The trial court granted summary judgment and this appeal follows.

## STANDARD OF REVIEW

The movant for a traditional summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166 (c); *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex.1985); *Fertic v. Spencer*, 247 S.W.3d 242, 248 (Tex.App.--El Paso 2007, pet. denied). When a defendant is the movant for summary judgment, it must either disprove at least one element of the plaintiff's cause of action, or conclusively establish all essential elements of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Scown v. Neie*, 225 S.W.3d 303, 307 (Tex.App.-- El Paso 2006, pet. denied). When determining whether a disputed fact issue exists, all the evidence favorable to the non-movant must be taken as true and all reasonable inferences including any doubts, must be resolved in the non-movant's favor. *See Wyatt v. Longoria*, 33 S.W.3d 26, 31 (Tex.App.--El Paso 2000, no pet.).

A party moving for summary judgment on no evidence grounds must state specifically which elements are without evidentiary support.  *See* TEX.R.CIV.P. 166a(I). The burden then shifts to the non-movant to produce evidence raising a fact issue on the challenged evidence.  *Id.* Again, the reviewing court must view the summary judgment evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences.  *Fertic*, 247 S.W.3d at 248.  When the trial court's judgment does not specify the ground, or grounds, upon which it relied for its ruling, the judgment must be affirmed if any of the theories advanced are meritorious.  *Id.* at 249.

## IN THE COURSE AND SCOPE OF EMPLOYMENT

Under the Texas Workers' Compensation Act, only injuries occurring "in the course and scope of employment" are compensable.  *See* TEX.LABOR CODE ANN. § 406.031(a)(Vernon 2006); *Payne v. Galen Hosp. Corp.*, 28 S.W.3d 15, 17 (Tex.2000).  "Course and scope of employment" means an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer.  *See* TEX.LABOR CODE ANN. § 401.011(12) (Vernon Supp. 2008).  In other words, an injury will not be compensable: (1) when the injury occurs outside the course and scope of employment; or (2) when the injury had no connection to the employment.  *See Deatherage v. International Ins. Co.*, 615 S.W.2d 181, 182 (Tex.1981); *Texas Workers' Comp. Ins. Fund v. Simon*, 980 S.W.2d 730, 734 (Tex.App.--San Antonio 1988 no writ).

## FRAMING THE ISSUE

In its sole issue, the District contends that Ricks did not suffer a compensable injury.  It concedes that had Ricks injured her knee while walking upstairs, or downstairs, in her daily teaching routine, the injury would be compensable.  It concedes that had she stood up from her desk and twisted her knee, the injury would be compensable.  During oral argument, the District bemoaned

the blurring of the line between injuries linked to employment-related causes and injuries that simply happen at work. And it asked us to stiffen the distinction and draw a proverbial line in the sand. Ricks counters that this is a dangerous line because employees will be "moving in and out of" the course and scope of employment throughout the average work day. For example, she argues, walking down the stairs to use the copy machine would qualify while walking down the hall to the drinking fountain would not. The District responds that "merely walking" is an activity which could have led to Ricks' knee injury at any time such that the undisputed evidence demonstrates there is no connection between the injury and the employment.

In support of its argument, the District directs us to a single Texas appellate decision--this court's opinion in *Employer's Cas. Co. v. Bratcher*, 823 S.W.2d 719 (Tex.App.--El Paso 1992, writ denied). *Bratcher* was an employment death case brought by the family of a toolpusher, who died when an aneurysm burst as he was straining to have a bowel movement while using the restroom at work. *Bratcher*, 823 S.W.2d at 720. Although the court determined that Bratcher was engaged in a "personal" activity rather than an "employment" activity at the time of his death, he was not outside the course and scope of employment due to the exception provided by the "personal comfort doctrine." *Id.* at 722. Nevertheless, the court concluded that the injury was not compensable because the injury had no connection to his employment, and could have occurred at any time. *Id.*

We conclude that the *Bratcher* analysis is inapplicable. Ricks was not engaged in an activity for her personal comfort and convenience, and there was no evidence that her knee injury was inevitable. The undisputed evidence indicates that Ricks was going about her duties within the course and scope of her employment as a teacher, and suffered an injury to her knee while engaged in those activities.

We are also unpersuaded by the District's argument that the administrative appeals panel

decisions cited by Ricks in her motion for summary judgment are inapplicable.  Regardless of whether they are similar to the situation at hand, we conclude that the District has failed to disprove Ricks' claim as a matter of law.  Consequently, we overrule the District's sole issue and affirm the judgment of the trial court below.


July 31, 2009

ANN CRAWFORD McCLURE, Justice

Before McClure, Rivera, JJ, and Hill, C.J. (Ret.)
Hill, C.J. (Ret.), sitting by assignment