**Johnny LOPEZ, Appellant,**

v.

**Brown ELY, Appellee.**

**No. 10487.**

Court of Civil Appeals of Texas.

Austin.

May 22, 1957.

W. J. Hodge, Austin, for appellant.

Jack W. Prescott, Cameron, for appellee.

ARCHER, Chief Justice.

This is a suit for damages for personal injuries. Appellant Johnny Lopez was injured while operating a mechanical cornpicker or cornpuller as an agent, servant and employee of the appellee, Brown Ely. Appellant claims that his injuries were proximately caused by the negligence of the appellee in furnishing him with defective equipment with which to work, in failing to warn him of the dangers incident to operating the cornpicker, in failing to warn him of the defective condition of the implement, and in failure to instruct him as to the proper method of operation of such cornpicker. At the close of appellant's case, the Trial Court, upon motion by the appellee, withdrew the case from the jury and rendered judgment for appellee, holding as a matter of law that the appellant's injuries and damages were within the risk assumed by the appellant in connection with his duties and that such injuries and damages were the result of his own negligence.

The appeal is founded on two assignments of error:

"Point No. 1. The Trial Court erred in holding that the Appellant was injured as a result of his own negligence when the evidence shows that the Appellee:

"(a). Furnished the Appellant with a defective machine with which to work and such machine is a dangerous machine even when in the best of condition and the Appellant was completely unaware of such defect; and had,

"(b). Ordered the Appellant to operate an extremely dangerous machine without instructing him as to the proper method of operation of such machine or of the dangers or the nature of the dangers attending its operation;

"and the undisputed evidence shows that Appellant was unfamiliar with such machine, with its operation and with the dangers and the nature of the dangers attending its operation

"Point No. 2. The Trial Court erred in holding that the Appellant was injured as a result ordinarily incident to the work in which he was engaged and in withdrawing the case from the jury and granting judgment for the Appellee on such grounds when the undisputed evidence shows that the Appellant neither knew nor had reason to know of the risks ordinarily incident to the operation of a cornpicker."

Since this is a case in which the Trial Court sustained a motion for an instructed verdict for the defendent, we must consider the evidence most favorable to plaintiff, who is entitled to all reasonable inference drawn therefrom and conflicts in the evidence must be disregarded and indulged in favor of the plaintiff and against the instruction.

Tex.Jur. 3-B, Appeal and Error, Section 908, and cases cited; Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W. 2d 60.

The appellant testified that he was a farm laborer, 35 years old, married and had four little girls, and had never before operated or seen a cornpuller in operation; that he had driven a tractor; that he never received any instructions, warnings or cautions as to the operation of the cornpicker and never told his employer that he had operated a mechanical picker.

On the day of the accident the appellant was employed to operate the cornpuller which was powered by a take-off from the tractor pulling the equipment, and the mechanical picker choked up, the rollers locked

and the machine stopped, and in attempting to remove the material which had caused the puller to stop, he pushed on such material with his left hand and arm, which were caught in the working parts when the machine started into operation and the arm was torn off.

Appellee testified that the cornpuller had a tendency to choke up and that when such occurred he would shut it off; that at times he would leave it running but would not stick his hand in it. The appellee testified further that a cornpuller is a dangerous machine when not operated properly, and extremely so when operated by an inexperienced person.

Appellee testified that he had considerable experience in operating machinery and a mechanical cornpuller. That the instructed plaintiff that if plaintiff had to get off of the tractor to either kill his motor or shut it off, and not to wear gloves; that it is a dangerous machine.

There is a sharp conflict in the testimony and, under the rule above set out, we accept that of appellant and reject that of appellee since an instructed verdict was given.

These were issues for the jury to have determined and it was error for the court to grant the motion for an instructed verdict.

■ The rule is that if the employment is of a dangerous character requiring skill and caution for its proper discharge with safety to the employee, and the employer is aware of the danger, and has reasons to know that the employee is ignorant or unaware of the danger, the employer is required to warn or caution the employee of the danger, and the failure of the employer to do so is negligence.

City of Austin v. Johnson, Tex.Civ.App., 195 S.W.2d 222, er. ref., N.R.E.; Sternenberg v. Marshall, Tex.Civ.App., 257 S.W.2d 312, er. ref., N.R.E.

■ The question whether the negligence of an employee is the sole proximate cause of employee's injury so as to preclude recovery from employer for the injury is ordinarily one to be submitted to the jury.

Najera v. Great Atlantic & Pacific Tea Co., 146 Tex. 367, 207 S.W.2d 365.

The judgment of the Trial Court is reversed and the cause remanded for a new trial.