**HOLIDAY HILLS RETIREMENT AND NURSING CENTER, INC., Appellant,**

v.

**Bertha F. YELDELL, Appellee.**

No. 2–84–138–CV.

Court of Appeals of Texas, Fort Worth.

March 21, 1985.

Chappell & Handy, P.C. and Michael Handy, Fort Worth, for appellant.

Eakins & Kraft and George Johnson, Dallas, for appellee.

Before JORDAN, ASHWORTH and JOE SPURLOCK, II, JJ.

## OPINION

JORDAN, Justice.

Bertha F. Yeldell brought suit against Holiday Hills Retirement and Nursing Center, Inc., a non-subscriber to Worker's Compensation, for personal injuries she sustained while employed at Holiday Hills as a charge nurse when a coffee urn overturned, spilling scalding hot coffee over her abdomen and legs. The suit was brought by virtue of TEX.REV.CIV.STAT.ANN. art. 8306, sec. 4 (Vernon 1967), which provides in general that in actions for personal injuries against a non-subscriber to Worker's Compensation, the plaintiff must prove negligence of the employer or an agent or servant of the employer acting within the general scope of his employment. *Id.* Trial to a jury resulted in a verdict for Yeldell in the amount of $155,134.00. The nursing home appeals on seven points of error.

We reverse and remand.

Appellee, Yeldell, is a licensed vocational nurse, who, on December 23, 1979, was employed by Holiday Hills as a charge nurse. She was responsible for some thirty patients and her duties included giving medications, tending to patients' needs, charting, supervising the nurses' aides, and

taking doctors' orders. On that date she was working the 3:00 p.m. to 11:00 p.m. shift and about 7:00 p.m. on that evening was talking to her daughter on the telephone at her nurses' station. The phone, which was for the use of patients and visitors, was placed on a ledge running in front of the nurses' station. Yeldell admitted that the phone call with her daughter was purely personal and had nothing to do with the business or operation of the nursing home. While on the phone, Yeldell asked a nurses' aide to leave the coffee cart in front of the nurses' work station instead of taking it back to the kitchen. On the cart was a large 50-cup coffee urn, which, under the rules of the nursing home, was supposed to remain on the coffee cart at all times. The urn was plugged in through the window at Yeldell's work station.

While standing at her desk, Yeldell finished the conversation with her daughter, and placed the receiver on the phone. She then turned to put the phone back on the ledge, where it belonged, so that it could be used by patients and visitors. Sometime before or during the telephone conversation, the coffee urn had been removed from the cart and placed on the ledge of the window at Yeldell's desk. When Yeldell tried to put the phone back on the ledge, she apparently got the telephone wires and the electric cord for the coffee urn tangled. Consequently, the large urn toppled over, spilling hot coffee all over the front lower part of Yeldell's body. She received second and third degree burns on her abdomen and both legs, which eventually required skin grafts.

■ Appellant's first complaint regards the trial judge's exclusion of the testimony of one Shirley Scroggins, a dietary aide, who, the parties stipulated, would have testified that Bertha Yeldell herself placed the coffee urn on the ledge. This evidence would have been extremely important to appellant in this case because it would have been some evidence that the conduct of Yeldell was the sole proximate cause of her accident, a finding of which by the jury would have denied recovery to Yeldell.

The testimony of Shirley Scroggins was excluded because appellant's answers to interrogatories inquiring as to the identity of witnesses to the occurrence of December 23, 1979, were not supplemented to include her as a witness. It is undisputed that when the interrogatories were originally answered, neither the nursing home's attorney nor anyone else connected with it knew of the substance of Scroggins' testimony. Shirley Scroggins' name was listed in the original answers to the interrogatory which asked for a list of kitchen and dietary helpers. Moreover, there was testimony that Bertha Yeldell's attorney knew about Scroggins and at one time asked to take her deposition. Appellant's attorney testified, out of the presence of the jury, that he offered the deposition of Scroggins to appellee at any time but the offer was never accepted. Yeldell's attorney did not ask for a continuance before trial or for the opportunity to take Scroggins' deposition during the trial. The trial judge ruled that there was a duty to supplement the answers to the witness interrogatory and excluded the proffered testimony of Shirley Scroggins. In this we think he erred.

Since this case was tried in the week of March 26, 1984, the April, 1984 amendments to the Rules of Civil Procedure, including Rule 168, were not yet in effect. Thus, Rule 168 as it read prior to April 1, 1984, controls the trial judge's action in excluding the testimony of Shirley Scroggins.

Rule 168(7) provided very plainly that *"[a] party whose answers to interrogatories were complete when made is under no duty to supplement his answers to include information thereafter acquired."* TEX.R.CIV.P. 168(7) (Vernon Supp.1983) (located at 599 S.W.2d, Texas Cases, XLIV, XLIV–XLV). (Emphasis added.) This is the general rule, or was at the time in question, and is the rule which should have been followed here. Rule 168(7) proceeds to require supplementation of answers: (1) if the party answering

knows his answer was incorrect when made; (2) if he knows that the answer, though correct when made, is no longer true and the circumstances are such that a failure to amend the answer is in substance a knowing concealment or misrepresentation; or, (3) if the party expects to call an expert witness and he has not revealed the witness's name nor disclosed the subject matter of such witness's testimony in his prior response to an appropriate interrogatory, then his answer must be amended to include the name, address, telephone number of the witness and the substance of his testimony. *Id.*

Apparently, the trial court felt that the answers to the interrogatory inquiring of witnesses were complete when made but became incomplete because of additional information and that supplementation was therefore required. We note that the section of Rule 168 requiring supplementation refers to answers, not which become incomplete, but which are untrue. *See Id.* If there were a duty to supplement every time an answer which was complete when made and later became incomplete because of additional information being acquired, the general rule would necessarily be that all answers to interrogatories must be supplemented to include information thereafter acquired. This is just not the rule; the rule is exactly opposite, when it states: "[a] party whose answers to interrogatories were complete when made is under no duty to supplement his answers to include information thereafter acquired." *Id.*

The source of Texas Rule 168 is Federal Rule 26 and Federal Rule 26(e) is identical in wording to Rule 168(7) except that in addition to requiring supplementation with regard to the identity of expert witnesses, the Federal Rule specifically requires supplementation with regard to the "identity and location of persons having knowledge of any discoverable matter." *Compare* FED.R.CIV.P. 26 *with* TEX.R.CIV.P. 168(7) (Vernon Supp.1983) (located at 599 S.W.2d, Texas Cases, XLIV, XLIV–XLV). Texas Rule 168(7) is silent as to any duty to supplement with respect to non-expert witnesses. TEX.R.CIV.P. 168(7) (Vernon Supp.1983) (located at 599 S.W.2d, Texas Case, XLIV, XLIV–XLV).

We hold that the court's interpretation of Rule 168(7) was incorrect, and even if it were not, we think the court abused its discretion in not admitting the testimony of Shirley Scroggins. Her testimony, according to the stipulation of the parties, would have been that appellee herself, Bertha F. Yeldell, put the coffee urn up on the ledge, and this testimony, if admitted and believed by the jury, could have been found to have been the sole proximate cause of the accident and the injuries to Yeldell. Under TEX.REV.CIV.STAT.ANN. art. 8306, sec. 4 (Vernon 1967), in all actions against an employer who is not a subscriber to Worker's Compensation, for a plaintiff to recover it is only necessary for the plaintiff to prove the negligence of his employer or of some agent or servant of his employer acting within the general scope of his employment.

Moreover, in the present case, at the time Scroggins' testimony was proffered and refused by the court, there was no claim of surprise or prejudice by appellee. In fact, as we have previously shown, the existence of this witness was known to appellee and her attorney from the beginning and in fact, appellant's counsel offered Scroggins for deposition long before trial as well as during trial. Appellee did not ask for a continuance to either depose Scroggins or otherwise prepare to meet her testimony.

For the reasons stated, we hold that there was no duty on the part of appellant to supplement his answers regarding non-expert witnesses, and furthermore, if there was such a duty, the trial court, in this particular instance, abused its discretion in refusing the proffered testimony of Shirley Scroggins. *See Murphy v. Magnolia Electric Power Ass'n,* 639 F.2d 232, 234–35 (5th Cir.1981).

Appellant's first point of error is sustained.

■ Holiday Hills next maintains that it was error for the trial judge to hold as a

matter of law that Bertha Yeldell was at the time of her injury on her employer's premises acting in the course and scope of her employment. Appellant insists that the question of course and scope of employment should have been submitted to the jury. This was a fact question because at the precise time of Yeldell's accident she had deviated from the course and scope of her employment. We agree that a fact question was raised which should have been submitted to the jury for determination.

TEX.REV.CIV.STAT.ANN. art. 8309, sec. 1(4) (Vernon 1967), defines "injury sustained in the course of employment" as being injuries "having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." Generally and usually the question of whether an employee was in the course and scope of his or her employment at the time of injury is a fact question for the jury to be determined upon its own particular facts. There are cases and situations where course and scope could be determined as a matter of law, but in our opinion, this is not one of those cases.

Appellant in its brief argues strongly that from the undisputed facts in this case, Bertha Yeldell had deviated from her employment when she was injured, as a matter of law. Appellant's brief argues at great length that because Yeldell was engaged in a personal telephone conversation with her daughter immediately before she put the phone back on the hook and upset the coffee urn on her, that, as a matter of law, she was not engaged in any activity which had to do with or arose out of her employment or which was in furtherance of her employer's work at the time of her injury. Appellant also stresses other evidence that Yeldell was not in the course and scope of her employment at time of injury. This evidence showed: she was not on an authorized coffee break at the time of the injury; there was a nursing home rule against an employee's use of the telephone when not on a coffee break or off-duty; and she had signed charts and medical records earlier indicating medicine had been given patients when it had not. There was other evidence which appellant says indicated that Yeldell had actually ceased functioning as an on-duty nurse on the evening the accident occurred.

While we disagree with appellant that the evidence in this case, some of which we have recited, requires a holding that as a matter of law Bertha Yeldell was not engaged in or about the furtherance of the affairs or business of her employer, we hold there was sufficient evidence to raise a fact question for the jury, and it was error for the trial court to conclude as a matter of law that Yeldell was in the course and scope of her employment at time of injury. We do not hold that any time an employee makes a personal telephone call during business hours, and engages in a conversation having nothing whatever to do with the business or affairs of his employer, he automatically deviates from that employment. However, in this case, the fact that Yeldell was admittedly involved in a personal phone conversation with her daughter, which had nothing to do with her employer or its business, and it was while concluding this personal phone call that Yeldell accidentally upset the coffee urn on herself, there was a fact question raised on the matter of course and scope of employment which should have been answered by the jury and not the judge. There is also some other evidence, though admittedly weak, which we have mentioned above, but which also helps raise a fact question for the jury as to Yeldell's status at the time of her injury.

Appellant's second point of error is sustained.

█ By its third point of error, Holiday Hills says the trial court erred in refusing to submit its requested special issues on comparative negligence. Appellant argues that because neither art. 8306, sec. 1 of the Worker's Compensation Act, nor any other

statute, precludes the use of comparative negligence by a non-subscribing employer, an issue on comparative negligence should have been submitted. We have found no cases which purport to answer the question here, but we think that a reading of art. 8306, sec. 1, and an analysis of comparative negligence and of the defenses available to a non-subscriber to the Worker's Compensation law, makes it clear that the trial court was correct in refusing to submit an issue on comparative negligence.

Article 8306, sec. 1(1), (2), and (3), provides that in worker's compensation cases by plaintiffs for injuries sustained while in the course of employment, the employer is deprived of the defense that: the employee was contributorily negligent; the injury was caused by the negligence of a fellow employee; or the employee had assumed the risk of injury incident to his employment. TEX.REV.CIV.STAT.ANN. art. 8306, sec. 1(1), (2), and (3) (Vernon 1967). Article 8306, sec. 1(4) says that in all actions against an employer who is not a subscriber, as defined in this law, it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment. TEX.REV.CIV.STAT.ANN. art. 8306, sec. 1(4) (Vernon 1967). Under a plain reading of this statute, any negligence of the plaintiff which was not the sole proximate cause of his injury would avail the employer nothing. Under this statute, insofar as a nonsubscriber is concerned, all the plaintiff has to do is show that some negligence of the employer caused his injury. It matters not if the plaintiff was negligent, or helped cause his injury, unless, as we have stated, that negligence was the sole and only cause of his injury. In such case, of course, the plaintiff would have failed to prove the requisite negligence of the employer. In order for appellee to recover for her injuries, it was necessary for her to allege and prove negligence on the part of her employer proximately causing the injuries. The only defenses available to Holiday Hills, the employer in this case, were to show that it was not guilty of negligence proximately causing the injury or that appellee herself was guilty of some act which was the sole proximate cause of the injuries.

Appellant's defense of sole proximate cause was properly submitted to the jury by way of the following instruction in the court's charge:

There may be more than one proximate cause of an event, but there can be only one sole proximate cause. If an act or omission of any person was the sole proximate cause of an occurrence, then no act or omission of any other person could have been a proximate cause.

This was all that Holiday Hills needed or was entitled to raise in its defense of negligence of Yeldell as sole proximate cause.

Application of art. 2212a TEX.REV.CIV. STAT.ANN. (Vernon Supp.1985) (comparative negligence) here would imply that there was negligence on the part of both parties, the employer and Bertha Yeldell, the employee. As we have just seen, simple negligence found against Yeldell would avail the employer nothing, because under art. 8306, sec. 1, it would not bar her recovery. It is, we repeat, only if the employee's negligence is found to be the sole proximate cause of the injury, that her recovery would be barred, because this would mean there was no negligence on the part of the employer.

It is possible in this type of case that if comparative negligence were submitted, the jury could find that the percentage of Bertha Yeldell's negligence proximately causing her injuries was 100 percent. That is the only comparative negligence finding which could benefit appellant. The instruction regarding sole proximate cause contained in the court's charge was not only the correct instruction but was all to which appellant was entitled.

We hold that in employees' suits against a non-subscribing employer to the Compensation law, comparative negligence is not applicable and should not be submitted to the jury.

Appellant's third point of error is overruled.

Holiday Hills Retirement and Nursing Center, Inc., has brought forward four other points of error which it urges in support of a remand of this case. Some of the matters which are the subject of these four points of error may not recur on retrial. In the event the subject matter of points of error four through seven in appellant's brief should arise on new trial, it should be shown that we have carefully reviewed this entire record, and all of the matters raised in both briefs, and we consider points of error four through seven as without any merit. Accordingly, without further discussion, we hold that there is no error shown by these last four points of error and overrule them.

The judgment is reversed and the cause remanded for new trial in accordance with the instructions contained herein.

ASHWORTH, J., dissents.

ASHWORTH, Justice, dissenting.

I respectfully dissent.

The trial court properly excluded the testimony of Shirley Scroggins.

Pursuant to the rules then in effect, appellee sought the names of persons with knowledge of relevant facts. While the name of Scroggins had been furnished as being an employee of appellant, she was not disclosed as being a potential witness. Appellant properly recognized an obligation to update its disclosure of witnesses by supplementing its answers and adding the name of Yvonne Skipper. Appellant had a duty under TEX.R.CIV.P. 168(7)(a)(2) to again supplement its answers and add the name Scroggins as a potential witness— failure to do so amounts to a knowing concealment or misrepresentation and permits trial by ambush.

Appellee was entitled to believe she was going to trial on the basis of the names furnished as constituting those who might be called as witnesses. The argument that appellee knew Scroggins was an employee of appellant and that discussions were had concerning the taking of Scroggins' deposition by appellee begs the question. If appellant contemplated using Scroggins as a witness, it had the duty to disclose her name to appellee prior to trial as a person with knowledge of relevant facts. Appellee was under no duty to ask for a continuance or request to depose Scroggins prior to her testimony. Upon the ruling by the court that Scroggins would not be permitted to testify, the burden then was on appellant to withdraw its announcement of ready and request a continuance.

The trial court properly ruled that as a matter of law appellee was in the course and scope of her employment at the time of the injury. The only reason for holding that there is a fact question on course and scope of employment is the fact that appellee was involved in a personal phone conversation with her daughter. Any employer who places a telephone in an employee's work area should reasonably expect that some personal calls will be made. In this case, the fact that appellee was conversing with a relative on a personal matter is of no import; she was entitled to use of the phone for appellant's business and the fact that she may have stepped aside briefly from such business was not of such significance as to take her activity outside the course and scope of her employment.

While I agree with the majority's holding on the third point of error, I disagree that appellant was entitled to an instruction on sole proximate cause. This is an instruction as to an inferential rebuttal issue and has no business in a court's charge. There is but one question in this case: was the appellant negligent and was such negligence a proximate cause of appellee's injuries. If appellant was not guilty of negligence that was a proximate cause, then it necessarily follows that something else caused the injuries. Other possible causes are of no concern to the jury and an instruction on sole proximate cause serves no purpose other than to create confusion in the minds of the jury and constitutes a comment on the weight of the evidence.

The judgment should be affirmed.