Terry **ALLEN** and Wife Brenda Allen, Individually and as Next Friends of Matthew Allen, A Minor, Timothy Allen, A Minor and Jennifer Allen, A Minor, Appellants,

v.

**A & T TRANSPORTATION COMPANY, INC.,**
Appellee.

No. 06–01–00034–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 5, 2001.

Decided Feb. 22, 2002.

Rehearing Overruled July 16, 2002.

W. Allyn Hoaglund, Law Office of W. Allyn Hoaglund, Houston, for appellants.

Gregory R. Ave, Jason N. Thomas, Touchstone, Bernays, et al, Dallas.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

BEN Z. GRANT, Justice.

Terry Allen and wife, Brenda Allen, individually and as next friends of Matthew Allen, Timothy Allen, and Jennifer Allen, minor children appeal from a summary judgment in connection with his personal injury claim rendered in favor of his employer, A & Transportation Company, Inc. (A & T).[1] Terry Allen, a truck driver, was injured when a tanker truck he was driving went out of control and crashed. He alleges that his employer had a duty to, and failed to, properly warn or train him about the unexpected handling characteristics of a partially-loaded tanker truck. He alleged the truck overturned when he made a low speed turn off an interstate highway onto an exit ramp. He alleges that he was operating the truck at a properly low speed, but the shifting of the center of gravity of the truck due to the movement of the liquid in the partially-loaded tank caused the truck to overturn when it would not have done so if fully loaded.[2]

A & T's Motion for Summary Judgment contains both "no evidence" and traditional summary judgment language. The trial court rendered summary judgment without specifying the theories or grounds for its decision.

On appeal the Allens contend only that the trial court erred by rendering summary judgment because A & T did not meet its mandatory and nondelegable duty to warn its employees about the hazards of their employment and to furnish a reasonably safe place to work and furnish safe equipment with which to perform the work.

## SUMMARY JUDGMENT: STANDARD OF REVIEW

■ To prevail on a motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.1997); Wornick Co. v. Casas, 856 S.W.2d 732, 733 (Tex.1993).

■ The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex.1985). However, once the movant establishes it is entitled to summary judgment, the burden shifts to the nonmovant to show why summary judgment should not be granted. Casso v. Brand, 776 S.W.2d 551, 556 (Tex.1989). In reviewing a summary judgment, we accept all of the nonmovant's proof as true and indulge every reasonable inference in the nonmovant's favor. Sci. Spectrum, 941 S.W.2d at 911. All doubts about the existence of a genuine issue of a material fact must be resolved against the movant. Johnson County Sheriff's Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex.1996).

---

1. There were a number of other defendants in the original lawsuit. They were severed from this cause to provide finality and to make this judgment appealable.

2. A & T Transportation Company, Inc. did not carry workers' compensation insurance.

## NO–EVIDENCE SUMMARY JUDGMENT: STANDARD OF REVIEW

A no-evidence summary judgment is essentially a pretrial directed verdict. We therefore apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *McCombs v. Children's Med. Ctr. of Dallas*, 1 S.W.3d 256, 258–59 (Tex.App.-Texarkana 1999, pet. denied); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex.App.-Austin 1998, no pet.). We must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Woodruff v. Wright*, 51 S.W.3d 727, 734 (Tex.App.-Texarkana 2001, pet. denied); *McCombs*, 1 S.W.3d at 259; *Jackson*, 979 S.W.2d at 70. We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Jackson*, 979 S.W.2d at 70–71. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

A no-evidence summary judgment motion must state the elements on which the movant contends there is no evidence. Tex.R. Civ. P. 166a(i); *De Blanc v. Jensen*, 59 S.W.3d 373, 375 (Tex.App.-Houston [1st Dist.] 2001, no pet. h.); *Texas Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 142 (Tex.App.-Texarkana 2000, no pet.).[3]

## GENERAL STANDARD FOR NEGLIGENCE

In order to recover on a negligence claim, a plaintiff must establish (1) a legal duty owed by the defendant to the plaintiff to protect the latter against injury; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex.1998); *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). Duty is the threshold inquiry; a plaintiff must prove the existence and violation of a duty owed to him by the defendant to establish liability in tort. *Praesel*, 967 S.W.2d at 394; *El Chico Corp.*, 732 S.W.2d at 311. The existence of a legal duty is a question of law unless the facts giving rise to the duty are disputed. *Praesel*, 967 S.W.2d at 394.[4]

## QUESTION OF JUDICIAL ADMISSIONS

A & T contends Terry Allen made judicial admissions in his deposition by stating he was not complaining he was inadequately or improperly trained and stating he believed he had adequate and sufficient training to operate the truck when exiting from a highway. This argument is not compelling. Even if we assumed the admissions were indeed judicial

---

**3.** A & T argues on appeal there is no evidence the partial load in this case was a causal factor in the accident. That argument is not contained within the motion, and we may therefore not consider it on appeal. Tex.R. Civ. P. 166a(i).

**4.** Whether there exists a duty to warn or instruct is a question of law for the court to determine. *Bristol–Myers Co. v. Gonzales*, 561 S.W.2d 801 (Tex.1978); *Holby Valve Co. v. Holiday Inn–Galveston*, 783 S.W.2d 628, 632 (Tex.App.-Houston [14th Dist.] 1989, no writ); *Munoz v. Gulf Oil Co.*, 732 S.W.2d 62 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.).

in nature and therefore binding, Terry Allen could quite accurately state that his training in the operation of the truck was adequate or that he needed no training in operating the truck, but leave open the possibility that he might be unaware of other factors unique to this type of tanker truck. We do not find that Terry Allen's testimony constitutes a judicial admission.

## DUTY TO ADEQUATELY HIRE, TRAIN, AND SUPERVISE

■ An employer has a duty to adequately hire, train, and supervise employees. The negligent performance of those duties may impose liability on an employer if the complainant's injuries result from the employer's failure to take reasonable precautions to protect the complainant from the misconduct of its employees. *Castillo v. Gared, Inc.*, 1 S.W.3d 781, 786 (Tex.App.-Houston [1st Dist.] 1999, pet. denied); *Mackey v. U.P. Enters., Inc.*, 935 S.W.2d 446, 459 (Tex.App.-Tyler 1996, no writ). Although an employer is not an insurer of its employees' safety at work, it has a duty to use ordinary care in providing a safe workplace. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex.1996). This includes providing rules and regulations for the safety of employees, warning employees of the hazards of their employment, and supervising their activities. *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 754 (Tex.1975). *Farley* also states that the age and experience of the employee should be considered in measuring the duty of the employer. *Id.* at 754.

**5.** Holding that
Ordinarily there is no duty on the part of an employer to instruct an employee who is experienced in the line of work to which he is assigned, or in the use of a machine with which he is familiar. But in the case of an employee who is known by the employer to be

■ As an offshoot of this duty, the employer is also required to instruct employees in the safe use and handling of products and equipment used in and around an employer's premises or facilities. *Brookshire Bros., Inc. v. Lewis*, 997 S.W.2d 908, 916 (Tex.App.-Beaumont 1999, pet. denied); *see Cabrera v. Delta Brands, Inc.*, 538 S.W.2d 795, 797 (Tex.Civ.App.-Texarkana 1976, writ ref'd n.r.e.). However, there is also authority stating an employer has no duty to adopt safety rules where its business is neither complex nor hazardous or where the dangers incident to the work are obvious or are of common knowledge and fully understood by the employee. *See Sloan v. Leger Mill Co.*, 161 S.W.2d 333, 335-36 (Tex.Civ.App.-Amarillo 1942, writ ref'd w.o.m.).

■ The duty to warn or caution an employee of a danger arises when: (a) the employment is of a dangerous character requiring skill and caution for its safe and proper discharge, and (b) the employer is aware of the danger and has reason to know the employee is unaware of the danger. *Lopez v. Ely*, 302 S.W.2d 957, 959 (Tex.Civ.App.-Austin 1957, no writ). However, an employer's duty to instruct applies to an inexperienced employee, but not to one who is experienced in the work he is assigned. *Farley*, 529 S.W.2d at 754; *W.E. Grace Mfg. Co. v. Arp*, 311 S.W.2d 278, 281 (Tex.Civ.App.-Dallas 1958, writ ref'd n.r.e.).[5]

## AS APPLIED TO THIS CASE

■ The summary judgment does not specify the ground on which summary

inexperienced in the type of work to which he is assigned, or in the use of a dangerous machine, there is a duty on the part of the employer to instruct the employee.
*W.E. Grace Mfg. Co. v. Arp*, 311 S.W.2d 278, 281 (Tex.Civ.App.-Dallas 1958, writ ref'd n.r.e.).

judgment was rendered and also does not specify whether it was rendered on the no-evidence motion or on the standard summary judgment motion. We will review the evidence accordingly.

Terry Allen was a licensed truck driver with nine years' experience. The record shows he had several years of experience driving tanker trucks for other employers. The record also shows that he was hired because of his licensing and prior experience and that he was expected to have a substantial level of competence because of those factors.

Terry Allen contends that despite his prior experience, his employer had a non-delegable duty to warn him about the driving characteristics of liquid-filled tanker trucks when they are not fully loaded. He has directed this court to no authority suggesting that when a company hires an individual who is experienced in a trade, they are then expected to train those people in that trade. Indeed, the cases cited above indicate the contrary. The summary judgment evidence shows that drivers of tanker trucks are aware of such characteristics and those characteristics are part of the standard operation of this type of vehicle.[6]

However, the record also shows that one of the types of tanker trucks Terry Allen had driven before—a water tanker—had baffles in the tank, and he never had any incidents with that type of truck. Terry Allen's deposition reflects he also had driven a "bobtail water tanker" for a different employer, and he had completed classroom time before he was allowed to drive those trucks. At oral argument, the Allens'

counsel argued that milk trucks have no baffles; thus, they behave differently than water trucks. However, he has not directed this court to any summary judgment proof showing whether the milk tanker in question contained baffles or showing that the liquid tanker truck behaved differently from the tanker trucks Terry Allen was experienced in driving.[7]

During that same portion of the deposition, Terry Allen explained that the difference between a dry box and a water tanker was that the liquid moved within the tank and that a driver had to be more careful with a liquid load. The Allens allege that this movement of the liquid within the tank was a cause of the accident. This is not a situation where some unexpected or unusual danger existed about which the employer had knowledge and the employee did not.

The summary judgment proof provides no evidence of facts that are necessary in order to support a conclusion that a duty existed in this case. Accordingly, we conclude that under a traditional summary judgment analysis, the defendant negated one necessary element (duty) of the Allens' theories of recovery. Under these facts the undisputed evidence does not support a conclusion that A & T had a duty to instruct Terry Allen in his chosen trade.

The summary judgment is affirmed.

---

6. An affidavit by Terry Allen appears in the record about his lack of knowledge of the characteristics of tanker trucks, but it was not part of the summary judgment proof and was prepared after the judgment as an attachment to his Motion for New Trial.

7. Terry Allen stated in his deposition that the milk trailer would carry around 55,000 pounds of liquid and that he had loaded over 40,000 pounds before the accident.