

**NUMBER 13-11-00585-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ROBERT ZISSA JR.,** **Appellant,**

**v.**

**EUTON'S HARLEY DAVIDSON,** **Appellee.**

---

**On appeal from the 135th District Court
of Victoria County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

By two issues, appellant, Robert Zissa Jr., appeals two adverse summary judgment rulings—one from a motion for traditional summary judgment and the other on no-evidence grounds—in favor of appellee Euton's Harley Davidson, Inc. ("EHD"). We affirm.

## I. BACKGROUND

On July 5, 2006, Zissa test-drove an EHD customer's motorcycle through the streets of Victoria, Texas when he ran a stop sign and collided with a 2002 GMC Yukon sports utility vehicle. At the time of the accident, Zissa was employed by EHD as a motorcycle technician and was acting in the course and scope of his employment. Zissa sustained serious bodily injuries including the loss of his right leg. Zissa estimated his medical bills related to the accident to be approximately $600,000.

Zissa sued EHD, which was a non-subscriber under the Texas Workers' Compensation Act and thus potentially responsible for work-related injuries under the common-law principles of negligence. TEX. LABOR CODE ANN. § 406.033 (West Supp. 2011). In his petition, Zissa alleged that EHD was negligent in: (1) failing to instruct employees on how to safely operate motorcycles; (2) failing to implement procedures to ensure employees would operate motorcycles safely; (3) ordering Zissa to test-drive a motorcycle without basic safety training; (4) ordering Zissa to test-drive a motorcycle when he was trained as a motorcycle technician and not a test-driver; (5) placing the task of test-driving motorcycles into Zissa's job requirements without any training; and (6) failing to provide a safe place to test-drive motorcycles. Additionally, Zissa sued Harley Davidson Motor Company, Inc. and Harley Davidson, Inc. for negligence, as well as Tim and Dawn Euton, as owners of EHD, for conversion of proceeds collected for Zissa.[1]

EHD and the Eutons moved for traditional and no-evidence summary judgment on all of Zissa's claims. The trial court granted both motions and rendered a judgment that disposed of Zissa's claims. This appeal ensued solely as to Zissa's claims against

---

[1] Harley Davidson Motor Company, Inc., Harley Davidson, Inc., and Tim and Dawn Euton are not parties to this appeal.

EHD.

## II. DISCUSSION

### A. Traditional Motion for Summary Judgment

By his first issue, Zissa asserts that the trial court's ruling on EHD's traditional motion for summary judgment was improper.

### 1. *Standard of Review*

A party against whom a claim is asserted may, at any time, move for a summary judgment in its favor as to all or any part of the asserted claim. TEX. R. CIV. P. 166a(b). We review the trial court's grant or denial of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Armstrong v. Hixon*, 206 S.W.3d 175, 180 (Tex. App.—Corpus Christi 2006, pet. denied). In our review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Knott*, 128 S.W.3d at 215; *Armstrong*, 164 S.W.3d at 661. The movant bears the burden of showing that there is not genuine issue of material fact and that it is entitled to judgment as a matter of law on the issues expressly set out in the motion. TEX. R. CIV. P. 166a(c); *Knott*, 128 S.W.3d at 216; *Armstrong*, 206 S.W.3d at 180. If a trial court's order does not specify in its summary judgment order which ground it found meritorious, we must affirm the summary judgment if any of the theories presented to the trial court and preserved on appeal are meritorious. *Knott*, 128 S.W.3d at 216.

### 2. *Discussion*

In order to establish a negligence cause of action, a plaintiff must establish: (1) a legal duty; (2) breach of that duty; and (3) damages proximately resulting from the breach. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). EHD argues that it (1) had no legal duty to Zissa at the time of the accident, (2) but even if EHD owed a legal duty to Zissa, the breach of said duty was not the proximate cause of Zissa's injuries. The gravamen of Zissa's complaints is that EHD had a duty to provide a safe workplace by: (1) instructing Zissa on safely riding a motorcycle while simultaneously diagnosing mechanical problems; (2) implementing safety procedures to ensure that employees safely test-drove motorcycles; and (3) providing a safe area to test-drive motorcycles. Specifically, EHD argues that the issue of duty in this case is controlled by well-established principles in Texas law.

Generally, an employer has a duty to use ordinary care in providing a safe workplace. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam). For example, an employer must warn an employee of the hazards of employment and provide needed safety equipment or assistance. *Id.* However, an employer is not an insurer of its employee's safety. *Id.*; *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). The employer owes no duty to warn of hazards that are commonly known or already appreciated by the employee. *Elwood*, 197 S.W.3d at 794 (citing *Nat'l Convenience Stores Inc. v. Matherne*, 987 S.W.2d 145, 149 (Tex. App.—Houston [14th Dist.] 1999, no pet.)). Additionally, when an employee's injury results from performing the same character of work that employees in that position have always done, an employer is not liable if there is no evidence that the work is unusually precarious. *Elwood*, 197 S.W.3d at 765; *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995).

4

Finally, the age and experience of the employee should be considered in measuring the duty of the employer. *See Allen v. A&T Transp. Co., Inc.*, 79 S.W.3d 65, 70 (Tex. App.—Texarkana 2002, pet. denied). The existence of a duty is a threshold question of law, and without a legal duty, our inquiry into whether negligence liability may be imposed ends. *See Van Horn*, 970 S.W.2d at 544.

The evidence in the record shows that Zissa was an experienced motorcycle rider. Based on his own testimony, Zissa had been riding motorcycles for sixteen years prior to this accident. Tim Euton testified by affidavit that he had ridden "thousands of miles" alongside Zissa and never knew him to drive recklessly, disregard a stop sign, or fail to yield the right of way. Euton also testified that Zissa was previously prohibited from test-driving motorcycles until he exhibited the skills and qualifications necessary for the work, but Zissa had been test-driving motorcycles for approximately two years prior to the accident. EHD allowed Zissa to test-drive motorcycles because he had exhibited the skills and qualifications necessary to do so. According to the record, Zissa testified to test-driving motorcycles approximately seven to ten times a week over three years. Zissa admitted that the underlying accident was the only accident he experienced over the three years. In addition to Zissa, Euton and one other employee test-drove motorcycles.

Zissa argues that EHD owed a duty to instruct him on how to safely test-drive motorcycles while diagnosing them for mechanical problems. We disagree. EHD's duty to instruct applies only to inexperienced riders, which Zissa was not. *See Nat'l Convenience Stores Inc.*, 987 S.W.2d at 149 (citing *W.E. Grace Mfg. Co. v. Arp*, 311 S.W.2d 278, 281 (Tex. Civ. App.—Dallas 1958, writ ref'd n.r.e.)). Undisputed testimony

shows that Zissa was not allowed to test-drive motorcycles until he exhibited the skills and qualifications necessary for the job. By Zissa's own admission, he test-drove motorcycles seven to ten times a week for three years without incident. Therefore, we conclude that EHD's duty to instruct did not apply to Zissa.

Next, Zissa argues that EHD owed a duty to implement safety rules for test-driving motorcycles while diagnosing mechanical issues. However, an employer does not have a duty to implement safety rules where its business is neither complex nor hazardous or where the dangers incident to the work are obvious or of common knowledge and fully understood by the employee. *Allen*, 79 S.W.3d at 70. Zissa's responsibilities as an EHD employee of test-driving a motorcycle while diagnosing mechanical issues was neither complex nor hazardous in light of Zissa's own testimony that he had test-driven motorcycles weekly for three years prior to this accident. Even assuming *arguendo* that test-driving a motorcycle to diagnose mechanical issues was complex or hazardous, ignoring traffic signals implicate the type of hazard that is commonly known and appreciated by a motorcycle technician who test-drives motorcycles. *See Elwood,* 197 S.W.3d at 794; *Matherne,* 987 S.W.2d at 149. Therefore, we conclude EHD did not have a duty to implement safety rules in this case. For the same reasons, Zissa's final argument—that EHD had a duty to provide an alternate place to test-drive the motorcycles—fails because the dangers of failing to follow traffic laws are obvious or of common knowledge.

Under the facts of this case, we conclude that (1) EHD did not owe a duty to Zissa as a matter of law; (2) without establishing a duty, Zissa's cause of action for negligence against EHD fails, *see Chambers,* 970 S.W.2d at 544; and (3) the trial court did not err in

6

its ruling on EHD's motion for traditional summary judgment.[2] Zissa's first issue is overruled. Furthermore, because we hold that Zissa's negligence action cannot stand, we need not address his remaining issue on appeal regarding EHD's no-evidence motion for summary judgment. *See* TEX. R. APP. P. 47.1.

## III. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
13th day of December, 2012.

---

[2] We recognize that today's opinion renders an arguably harsh result. In light of this, we note recent Texas Supreme Court decisions, which have stressed and reiterated the mutual benefit for employers and employees under the Texas Workers' Compensation Act:

> The Texas Workers' Compensation Act was adopted to provide prompt remuneration to employees who sustain injuries in the course and scope of their employment.... The act relieves employees of the burden of proving their employer's negligence, and instead provides timely compensation for injuries sustained on-the-job.... In exchange for this prompt recovery, the act prohibits an employee from seeking common-law remedies from his employer, as well as his employer's agents, servants, and employees, for personal injuries sustained in the course and scope of his employment.

*See HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 358 (Tex. 2009); *see also Tex. Mut. Ins. Co. v. Ruttiger*, __S.W.3d__, 2012 WL 2361697, at *8 (Tex. June 22, 2012) (recognizing that the Texas Workers' Compensation Act's mutually beneficial purpose is shared by injured employees and their employers).