

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SERGIO FRAIRE, | § | No. 08-12-00280-CV |
| Appellant, | § | |
| | § | On Appeal from the |
| v. | § | County Court at Law #3 |
| BUDGET RENT-A-CAR OF EL PASO, INC., | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (Cause No. 2010-3086) |
| | § | |

**O P I N I O N**

Sergio Fraire appeals the trial court's take-nothing grant of hybrid summary judgment in favor of his former employer, Budget Rent-A-Car of El Paso, Inc. ("Budget"),[1] in a non-subscriber negligence action. In his sole issue on appeal, Fraire contends that the trial court erred in granting summary judgment because he established that Budget breached its duty to warn or instruct him about the risks inherent in repairing a broken lift gate on the back of a large truck. Fraire also argues that there are disputed issues of material fact surrounding Budget's breach of the non-delegable general duty to provide adequate equipment, and on the issue of causation, that preclude summary judgment.

---

[1] Neal Remz, another Budget employee, is listed as an appellee in Fraire's notice of appeal. However, Remz was non-suited prior to the summary judgment rendered in this cause. As such, Remz is not a proper party to this appeal.

For the following reasons, we affirm in part, reverse and remand in part.

## BACKGROUND

### *Factual History*

This case arises out of workplace injuries Fraire sustained in September 2009 while repairing a 24-foot rental truck with a broken roll-up door designed to secure the truck's rear cargo area. At the time of the accident, Fraire had been employed with Budget for fifteen years, first serving as a mechanic for three years before being promoted to service manager. As service manager, Fraire supervised between ten and twelve people, including mechanics, rental agents, and employees responsible for cleaning and preparing rental cars. Fraire's job responsibilities also included helping with the cleaning of cars, taking inventory, and handling paperwork from Budget's East El Paso office and its administrative headquarters near the airport. Fraire was not assigned to perform any mechanical duties as a service manager.

Prior to Fraire's injury, several of Budget's rental trucks were in need of repair and Budget's regular mechanic had not shown up to work for several days. Budget General Manager Neal Remz, who was Fraire's direct supervisor, asked Fraire why there was a backlog of trucks and told Fraire that the trucks "needed to get out." Because sending the trucks to the dealership for repairs would cause an even longer delay and increase Budget's backlog, Fraire decided to repair the trucks himself. Fraire stated in a deposition that he had only fixed a roll-up cargo door once before. He also stated that "[t]he company never trained any employees to work on trucks." Prior to joining Budget, Fraire had worked as a mechanic for several years.

Another supervisor and a service agent, neither of whom were mechanics, assisted Fraire with the repair job. Remz testified that the service agent's job consisted of "wash[ing], vacuum[ing], gas[ing] the cars and . . . turn[ing] them around, get[ting] them ready for re[-

2

]rental." Fraire then asked "to help me raise up the door. And, once I had it there, I had my equipment to hold it there with clamps, vise grips and stuff like that. And I told them to hold it." In order to reach the door mechanism and replace a spring inside it, Fraire retrieved a plastic milk crate from inside the shop, placed the crate inside the truck's cargo area, and stood on it. Fraire contended at deposition that Budget was negligent because it did not have any "mini stepladders" or other similar equipment he could have used in making the repair. When asked at deposition whether Budget had any stools or stepladders available to employees, Budget President Mike Maloney testified that "[w]e mostly have A-frame ladders." Remz testified that Budget had a five- or six-foot stepladder that "certainly would have fit into the truck, if need be, and could have [been] used inside the truck[,]" but that it did not possess any smaller step-stool-type ladders. Carlos Hernandez, another Budget employee, stated during his deposition that employees had found a small, six-inch step stool left in one of the rental cars, but that Budget had not purchased that stool and he was unsure if the stool was available at the time Fraire sought to repair the truck.

To see the mechanism pin better, Fraire stepped from the milk crate inside the truck to an A-frame step ladder located outside the truck. Fraire stated in his affidavit that "[p]lacing a ladder inside the truck to make the repair would have placed me in an awkward position being that the ladder base of the ladder would have been placed next to the edge of the truck bed and half my body would have [to] hang off the ladder to make the repair." Fraire maintained that when he transferred his weight from one surface to the other, either the "milk crate or the ladder gave way causing me to fall and injury [sic] myself." Fraire suffered torn tendons and ligaments requiring surgery, takes medication for chronic pain, and currently cannot lift his arm above his head. Budget terminated Fraire's employment several months after his injuries.

3

The ladder Fraire used had several written warnings on the side; however, those warnings are partially illegible in the copies submitted for the summary judgment record. The Budget employee's manual also contains a section laying out ladder safety standards.

### *Procedural History*

In his Original Petition, Fraire alleged fourteen alternate theories of negligence against Budget broadly pertaining to, *inter alia*, training, supervision, warnings and adoption of safety rules, inadequate working conditions, and *negligence per se* stemming from OSHA regulation violations. Budget moved for hybrid summary judgment on no-evidence and traditional grounds. It asserted generally in the no-evidence portion of its motion[2] that "[t]here is no evidence of negligence on the part of the Defendant." In the traditional summary judgment portion of its motion, Budget claimed that it was entitled to judgment as a matter of law because: (1) Budget had no duty to warn or adopt safety rules because it was not engaged in complex or hazardous business; (2) Budget had no duty to warn Fraire of the risks inherent in repairing the truck because he was an experienced mechanic; (3) Budget did not breach its non-delegable duty to furnish a safe work place and proper instrumentalities because it provided several different ladders for use; (4) Budget was not the proximate cause of Fraire's injuries because Remz never specifically asked Fraire to fix the truck; and (5) Fraire was the sole proximate cause of his injuries because he could have exited the truck before climbing the ladder. The trial court granted Budget's motion for summary judgment and issued a take-nothing order. The court did not specify whether it granted summary judgment on traditional or no-evidence grounds.

## DISCUSSION

In his sole issue on appeal, Fraire contends the trial court incorrectly rendered summary

---

[2] In its appellate brief, Budget specified that Ground #1 as set out in an introductory passage of its motion represented the entirety of its no-evidence point, and that Grounds #2 through #4 represented the traditional summary judgment points.

judgment[3] on his negligence claim[4] because Budget owed him a duty to warn or instruct on the dangers involved with repairing the truck, given that mechanical repair was outside the scope of his job duties. He also maintains that his claim should have survived summary judgment because there are fact issues pertaining to whether Budget breached its non-delegable duty to provide a safe workplace and adequate instrumentalities, as well as issues related to proximate cause.

Budget counters that it owed Fraire no duty to warn or instruct because even though Fraire may have acted outside his normal job duties, he was an experienced mechanic knowledgeable of all risks and proper repair techniques who did not need a warning. Budget further responds that it provided safe instrumentalities for Fraire's use, that it never instructed Fraire to make the repairs, and that Fraire moving laterally between a milk crate in the truck's cargo area and a ladder located outside the truck during the repair when safer methods of transfer were available show that Fraire's actions were the sole proximate cause of his injuries as a matter of law.

### Standard of Review

We review summary judgments *de novo*. *Alejandro v.* Bell, 84 S.W.3d 383, 390

---

[3] Budget concedes in its brief that "[t]he no evidence portion pertained to the general premise that there was no evidence of negligence by Budget." We note that a no-evidence summary judgment "motion must state the elements as to which there is no evidence . . . [and] must be specific in challenging the evidentiary support for an element of a claim of defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." *Timpte Industries, Inc.v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009)(internal quotation marks omitted)(citing TEX.R.CIV.P. 166a(i) cmt. 1997); *see also* TEX.R.CIV.P. 166a historical note ("The comment appended to these changes, unlike other notes and comments in the rules, is intended to inform the construction and application of the rule.").

Since the trial court could not have granted no-evidence summary judgment where Budget's no-evidence motion did not explicitly challenge specific elements of negligence as required by TEX.R.CIV.P. 166a, we read this appeal as a challenge on traditional summary judgment grounds only.

[4] Budget also moved for summary judgment, in Ground #5 of its motion, on Fraire's claim that he was discriminated against for filing for benefits under the Employee Retirement Income Secuity Act of 1974 ("ERISA"), arguing that the claim was barred by *Texas Mexican Railway Co. v. Bouchet*, 963 S.W.2d 52, 55 (Tex. 1998). Because the trial court granted summary judgment in favor of Budget, and because Fraire did not challenge that issue on appeal, any challenges on ERISA grounds are waived.

(Tex.App.--Corpus Christi 2002, no pet.). In assessing summary judgment, we view the evidence in the summary judgment record in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The movant may prevail on traditional summary judgment grounds only when it conclusively establishes that "there is no genuine issue of material fact and that it is entitled to judgment as a matter of law . . . ." *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). "A fact question exists when the summary judgment record contains inconsistent or conflicting summary-judgment proof." *Salazar v. Ramos*, 361 S.W.3d 739, 746 (Tex.App.--El Paso 2012, pet denied). A fact is material if its existence "might affect the outcome of the suit under the governing law[,]" and "[a] material fact issue is genuine if the evidence is such that a reasonable jury could find the fact in favor of the non-moving party." *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.--San Antonio 1998, pet. denied)(internal quotation marks omitted)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). "[Traditional] [s]ummary judgment is proper if the defendant disproves at least one element of each of the plaintiff's claims . . . or establishes all elements of an affirmative defense to each claim." *American Tobacco Co., Inc.*, 951 S.W.2d at 425.

### *Negligence*

Because Budget is a non-subscriber to the Texas Workers' Compensation Insurance Coverage scheme, Fraire must prove that Budget was negligent to recover damages. TEX.LAB.CODE ANN. § 406.033(d)(West Supp. 2013). "A negligence cause of action has three elements: 1) a legal duty; 2) breach of that duty; and 3) damages proximately resulting from the breach." *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). Based on our review of the

6

arguments presented by both sides, we disarticulate the issues presented and recast them with reference to the three elements of negligence for conceptual clarity. We first address the issue of whether Budget owed Fraire a specific duty to warn of the risks associated with undertaking repair. We then address whether summary judgment is precluded by evidence of breach of the general non-delegable duty to provide a safe work environment, including safe instrumentalities. We end with a discussion on the issue of causation.

### Duty to Warn

In the first sub-part of his sole appeal issue ("Sub-Point One"), Fraire contends that Budget owed him a duty to warn of the hazards associated with making the repair to the rental truck and instruct on proper safety rules. We disagree.

"The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff." *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). An employer has a general duty to "use ordinary care in providing a safe work place." *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995). Subsidiary to the general duty to provide a safe workplace is the specific duty to "warn[] employees of the hazards of their employment" in certain circumstances. *Allen v. A & T Transportation Co., Inc.*, 79 S.W.3d 65, 70 (Tex.App.--Texarkana 2002, pet. denied). "Whether there exists a duty to warn or instruct is a question of law for the court to determine." *Id.* at 69 n.4.

"[A]n employer's duty to warn an employee of a danger arises when: (1) the employment is dangerous or complex; and (2) the employer is aware of the danger and has reason to know the employee is not." *Jack in the Box, Inc., v. Skiles*, 221 S.W.3d 566, 568 (Tex. 2007). An employer also has a duty to warn of foreseeable hazards arising from activities that are "not normally part of [the employee]'s job." *Kroger Co. v. Keng*, 976 S.W.2d 882, 887

7

(Tex.App.--Tyler 1998, pet. granted), *aff'd,* 23 S.W.3d 347 (Tex. 2000); *see also Skiles*, 221 S.W.3d at 568 (distinguishing *Keng*).  However, an employer does not owe a duty to warn of common, obvious hazards or those "already appreciated by the employee[,]" *Skiles*, 221 S.W.3d at 568, nor is the employer require to warn or instruct an employee "who is experienced in the work he is assigned." *Allen*, 79 S.W.3d at 70; *W.E. Grace Mfg. Co. v. Arp*, 311 S.W.2d 278, 281 (Tex.Civ.App.--Dallas 1958, writ ref'd n.r.e.).  "[A]ge and experience of the employee should be considered in measuring the duty of the employer." *Allen*, 79 S.W.3d at 70.

In *Skiles*, the Texas Supreme Court rejected a duty to warn claim brought by a truck driver who injured himself while attempted to remove food cargo from a delivery truck's trailer by using a ladder to climb over a broken lift gate in the back of the truck.  *See* 221 S.W.3d at 567.  In spite of Skiles' claim that he felt time-pressured by a supervisor to remove the cargo, the Court noted that Skiles "voluntarily made the decision to find a ladder, jump into the trailer, and unload the hamburger meat" instead of calling for a dealer mechanic, and that "[t]he dangers associated with the use of a ladder to climb over a lift gate are common and obvious to anyone." *Id*. at 569.  As such, his employer had no duty to warn him of the dangers of ladder use.  *Id.*

Here, the facts are similar to *Skiles*.  Fraire undertook the repairs voluntarily in order to expedite the rental process, and the dangers of mounting an A-frame ladder from an elevation would be commonly known to a reasonable person.  *Id.*at 567  Further, although making mechanical repairs fell outside the scope of his job description at the time, no duty arose under *Keng* because Fraire had been a mechanic for a number of years before Budget hired him.  *See Allen*, 79 S.W.3d at 70.  Fraire's duty to warn claim is without merit.[5]

Sub-Point One is overruled.

### Breach of the Duty to Furnish Adequate Equipment

---

[5] Friare conceded at oral argument that the duty to warn could not be sustained on these facts.

In his second major sub-part ("Sub-Point Two"), Fraire argues that summary judgment was improper because there are fact issues surrounding whether Budget breached its duty to provide the necessary instrumentalities to repair the truck. We agree.

"It is well established that an employer has certain nondelegable and continuous duties to his employees[,] . . . [including] the duty to furnish reasonably safe instrumentalities with which employees are to work." *Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 187 n.45 (Tex. 2004), *citing Farley v. M M Cattle Co.*, 529 S.W.2d 751, 754 (Tex. 1975). However, an employer "has no duty to provide equipment or assistance that is unnecessary to the job's safe performance." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 795 (Tex. 2006).

Budget, in its brief, urges us to affirm summary judgment because "[t]he simple fact is that Fraire needed no additional equipment; Fraire only needed to have exited the truck before climbing the ladder that he placed outside the truck." Fraire counters that the only way he could have made the repair was to set the ladder he used on the ground next to the truck bed, set the milk crate inside the truck bed, and then move from the milk crate to the ladder to reach the broken mechanism. Fraire claims that if he set the ladder up inside the truck itself, he would have also been likely to hurt himself, since "[p]lacing a ladder inside the truck to make the repair would have placed me in an awkward position being that the ladder base . . . would have been placed next to the edge of the truck bed and half my body would have [to] hang off the ladder" and over the edge of the truck during the repair.

We need not resolve this factual dispute. Whether Fraire could have feasibly dismounted from the truck, climbed the ladder on the ground, and still been able to reach the door mechanism to make the repair is a question for the jury. Likewise, whether the other ladders in Budget's possession at the time of Fraire's injury could have made it possible for Fraire to make

9

the repair without moving laterally between the milk crate and the A-frame ladder outside the truck is a jury question. Budget has failed to conclusively establish that it is entitled to judgment as a matter of law on this issue. A material fact issues exists about the adequacy of the equipment Budget furnished to make repairs. Summary judgment on this element is improper. Sub-Point Two is sustained.

Although we have concluded there was a genuine issue of material fact on the issue of breach, we must also address causation, since conclusive negation of a critical element results in proper rendition of summary judgment. *See American Tobacco Co.*, 951 S.W.2d at 425. Fraire maintains that he has provided more than a scintilla of evidence that his injuries were proximately caused by Budget's inadequate equipment, and that Budget cannot establish, as a matter of law, that he was the sole proximate cause of his injuries. We agree.

"The components of proximate cause are cause in fact and foreseeability." *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). "The test for cause in fact, or 'but for causation,' is whether the act or omission was a substantial factor in causing the injury 'without which the harm would not have occurred.'" *Id.* (internal citation omitted). "A finding of cause in fact may be based on either direct or circumstantial evidence, but cannot be supported by mere conjecture, guess, or speculation." *Id.* "Foreseeability means that a person of ordinary intelligence would have anticipated the danger his or her negligence creates." *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002). To defeat a defendant's claim that the plaintiff was the sole proximate cause of his own injury, "all the plaintiff has to do is show that some negligence of the employer caused his injury." *Hall v. Timmons*, 987 S.W.2d 248, 254 (Tex.App.--Beaumont 1999, no pet.), *citing Holiday Hills Retirement and Nursing Center, Inc. v. Yeldell*, 686 S.W.2d 770, 775 (Tex.App.--Fort Worth 1985), *rev'd on other grounds*, 701 S.W.2d

10

243 (Tex. 1985).

Here, we find there is a fact issue on proximate cause. A person of ordinary intelligence would have anticipated that Remz's instruction that the trucks needed to "get out" and the strain on business created by the regular mechanic's absence would lead to Frarie or another employee attempting to make the truck repairs himself, thereby triggering the duty to furnish safe equipment. Whether Fraire's injuries were proximately caused by his failure to use an alternate safer repair method (the existence of which is itself a fact issue) or whether his decision to move laterally between surfaces at an elevation because Budget did not furnish appropriate equipment caused his injuries is a proper jury question. Budget failed to establish that Fraire was the sole proximate cause of his own injuries as a matter of law. As such, a material fact question existed for the jury on all the elements of negligence stemming from Budget's duty to provide adequate equipment. The trial court's rendition of summary judgment was error. Sub-Point Three is sustained.

Appellant's Issue One is sustained in part and overruled in part. We affirm the trial court's summary judgment ruling on the issue of duty to warn or issue safety instructions. We reverse the trial court's grant of summary judgment on the issue of Budget's duty to furnish adequate equipment and remand for further proceedings consistent with this opinion.


March 28, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

11